## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**BARBARA MARQUEZ,**

> **Plaintiff,**

**v.**                                                          **CIV 13-1180 RB/KBM**

**ALBUQUERQUE PUBLIC SCHOOLS**
**and ALBUQUERQUE SCHOOL BOARD,**

> **Defendant.**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, (Doc. 2), which the Court converted to a Motion for Summary Judgment. (Doc. 15). Jurisdiction arises under 28 U.S.C. § 1331. For the reasons set forth below, the motion will be **GRANTED** in part and **DENIED** in part.

**I.      Background**

Plaintiff (Ms. Marquez) is a female over the age of forty years. (Doc. 1-2). Defendant Albuquerque Public Schools (APS) has employed Ms. Marquez since 1990. (*Id.*) On October 4, 2013, Ms. Marquez filed suit against APS in the Second Judicial District Court of the State of New Mexico. (*Id.*) In her Complaint, Ms. Marquez alleges claims for sex discrimination, retaliation, age discrimination, and a hostile work environment under Title VII of the Civil Rights Act of 1964, (Title VII), 42 U.S.C. § 2000e-2; the Age Discrimination in Employment Act, (ADEA), 29 U.S.C. § 621; and the New Mexico Human Rights Act, (NMHRA), N.M. STAT. ANN. § 28-1-1 (Doc. 1-2). The genesis of these claims was the reassignment of teaching duties for sports medicine classes from Ms. Marquez to a younger male. (Doc. 1-2). APS

removed the case to this Court on December 13, 2013, pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1).

APS filed a Motion to Dismiss and argued that (1) the NMHRA claim is time-barred because Ms. Marquez did not appeal from the New Mexico Human Rights Commission's (NMHRC's) order within the ninety-day statutory time period; and (2) Ms. Marquez's federal claims under Title VII and the ADEA are barred by collateral estoppel because Ms. Marquez litigated the same issues before the NMHC. (Doc. 2.) Ms. Marquez filed a response brief in opposition to the Motion to Dismiss. (Doc. 9.) Therein, Ms. Marquez argues that (1) she did not intend to include a NMHRA claim in her Complaint; (2) the state and federal courts have concurrent jurisdiction over the Title VII and ADEA claims; and (3) the federal claims are timely. (*Id*). APS filed a reply brief and requested an award of fees and costs with respect to the resources it expended to seek dismissal of the NMHRA claim. (Doc. 11). The Court notified the parties that the Motion to Dismiss was converted to a Motion for Summary Judgment and allowed the parties to submit supplementary materials. (Doc. 15). No supplemental materials were filed.

## II.    Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In cases where the moving party will not bear the burden of persuasion at trial, it bears the initial responsibility of identifying an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "If the movant meets this initial burden, the burden then shifts to the nonmovant to 'set forth specific facts' from which a rational trier of fact could find for the nonmovant." *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007) (quoting FED. R. CIV. P. 56(e)). When applying this standard, the court

examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *See Taylor v. Roswell Indep. Sch. Dist.,* 713 F.3d 25, 34 (10th Cir. 2013).

III.    **Statement of Facts**

The record, viewed with all reasonable inferences in the light most favorable to Ms. Marquez, establishes the following facts. *See Taylor*, 713 F.3d at 34.

Ms. Marquez has worked as a physical education teacher at Rio Grande High School (Rio Grande) since 1994. (Doc. 1-2). From 1994 to 2010, Ms. Marquez also taught sports medicine classes at Rio Grande. (*Id.*) Ms. Marquez also served as an athletic trainer at Rio Grande from 1994, until she voluntarily resigned those duties in 2007. (Doc. 2-1). Ms. Marquez holds a Level 3 teaching license, which is the highest level of licensure available under New Mexico law. (Doc. 1-2). Ms. Marquez is certified as an Athletic Trainer by the National Athletic Training Association and the State of New Mexico. (*Id.*) Ms. Marquez serves as Chair of the Physical Education Department at Rio Grande. (*Id.*) As of October 2013, Ms. Marquez was 46 years old. (*Id.*)

In 2006, Ms. Marquez filed a discrimination suit in New Mexico state court against APS and the former principal of Rio Grande. (Doc. 1-2). The matter was settled out of court and APS paid Plaintiff $35,000. (*Id.*) After the settlement, Ms. Marquez continued to teach both physical education and sports medicine classes at Rio Grande. (*Id.*)

In 2007, APS hired Kellen Pino, a male in his early twenties, to serve as an athletic trainer at Rio Grande. (Doc. 1-2). Mr. Pino held a Pre-Level 1 Internship License. (*Id.*) Ms. Marquez contended that Mr. Pino was not qualified to teach at Rio Grande because the school redesign program required certified teachers. (*Id.*) However, Rio Grande's redesign plan addressed the school's performance in core academic subjects including math and science. (Doc. 2-1). The redesign plan did not address student performance in the physical education and sports

medicine curriculum. (*Id*.) APS removed Ms. Marquez from teaching the sports medicine classes and replaced her with Mr. Pino. (Doc. 1-2).

Ms. Marquez filed a complaint of sex and age discrimination with the New Mexico Human Rights Commission (NMHRC). *See Barbara Marquez v. Albuquerque Public Schools,* HRD No. 10-10-12-0479. Therein, Ms. Marquez alleged claims for sex and age discrimination under the NMHRA. (Doc. 2-1). The NMHRC appointed a Hearing Officer who held a two-day administrative hearing and received testimony from multiple witnesses. (*Id.*) Ms. Marquez attended the hearing and was represented by counsel. (*Id.*)

On April 7, 2013, the Hearing Officer issued a Report and Recommendation finding that Ms. Marquez had failed to prove either her age-based or sex-based discrimination claims by a preponderance of the evidence. (Doc. 2-1). More specifically, the Hearing Officer applied the framework set out in *McDonnell Dougla*s *Corp. v. Green*, 411 U.S. 792 (1973) and found that Ms. Marquez had established a prima facie case with respect to her claims for age and sex discrimination. (*Id*). Next, the Hearing Officer determined that APS had proved a non-discriminatory basis for the action, namely, that the reassignment was motivated by a desire to coordinate the sports medicine curriculum with the athletic training program. (*Id*). The Hearing Officer explained that: "Due to the link between the sport medicine curriculum and athletic training, it is the prevailing practice among high schools in the APS system to assign athletic trainers to teach sports medicine classes." (*Id.*) The Hearing Officer concluded that Ms. Marquez failed to meet her ultimate burden to prove by a preponderance of the evidence that APS's proffered reason for the reassignment of the sports medicine classes was pretextual. (*Id*).

On April 30, 2013, a review panel of the NMHRC issued an order adopting the Hearing Officer's Report and Recommendation and dismissing Ms. Marquez's complaint. (*Id*). Ms. Marquez could have sought judicial review of the NMHRC's decision by filing an appeal with

the state district court within ninety days of the NMHRC decision. *See* N.M. STAT. ANN. § 28-1-13. However, Ms. Marquez did not appeal from the NMHRC's order within the ninety-day time limit.

Simultaneously with her NMHRC complaint, Ms. Marquez filed a charge of sex and age discrimination with the United States Equal Employment Opportunity Commission (EEOC). *See Barbara Marquez v. Albuquerque Public Schools,* EEOC Charge No. 39B-2010-02768. On July 11, 2013, the EEOC adopted the findings of the NMHRC and dismissed Ms. Marquez's EEOC charge. (Doc. 9-1). Ms. Marquez filed this lawsuit in state court on October 4, 2013, which was within the ninety-day time limit for seeking judicial review of Title VII and ADEA claims. (Doc. 9). APS removed the matter to this Court on December 13, 2013. (Doc. 1).

## IV.   Discussion

### A.   The NMHRA claim is time-barred.

APS contends that the NMHRA claim is time-barred because Ms. Marquez did not file a lawsuit seeking judicial review of the decision of the NMHRC. "Under the NMHRA, a plaintiff must exhaust his or her administrative remedies against a party before bringing an action in district court against that party . . . ." *Sonntag v. Shaw*, 22 P.3d 1188, 1193 (N.M. 2001). *See also* N.M. STAT. ANN. § 28-1-13. In order to exhaust administrative remedies, "[a] person aggrieved by an order of the commission may obtain a trial de novo in the district court of the county where the discriminatory practice occurred or where the respondent does business by filing a notice of appeal within ninety days from the date of service of the commission's order." In that Ms. Marquez did not file a notice of appeal from the NMHRC's order in state court within the ninety-day time period, she failed to exhaust administrative remedies with respect to this claim. *See* N.M. STAT. ANN. § 28-1-13. As a result, the NMHRA claim is time-barred. Consequently, the Court will dismiss this claim with prejudice.

**B.**     **The Court declines to award fees and costs to APS**

In her response brief, Ms. Marquez states that she did not intend to pursue a NMHRA claim in this lawsuit and this issue is therefore moot. (Doc. 9). In its reply brief, APS points out that Ms. Marquez included a NMHRA claim in the Complaint and counsel for Ms. Marquez was on notice that defense counsel believed Ms. Marquez had filed suit under the NMHRA. (Doc. 11). APS requests an award of fees and costs associated with drafting the portion of its motion that addresses the NMHRA claim. (Doc. 11).

The Court agrees with APS that counsel for Ms. Marquez should have acted promptly and notified defense counsel that Ms. Marquez did not intend to pursue her NMHRA claim. However, the Court does not agree that the delay significantly prejudiced APS. The issue of whether the NMHRA claim is time-barred is well-established, which is reflected in the fact that Defendant's brief expended only two pages on this issue. Ms. Marquez explained in her response to the motion to dismiss that she did not intend to pursue the NMHRA claim. APS made no showing of material prejudice or undue expense. In the absence of a showing of prejudice, an award of fees and costs is not warranted. *See Littlefield v. Walt Flanagan & Co.*, 498 F.2d 1133, 1136 (10th Cir. 1974) (explaining that an award of fees and costs associated with vacating an entry of default is used to mitigate prejudice). Given the minimal showing of prejudice, the Court declines to award fees and costs associated with briefing the timeliness issue.

**C.**     **The Title VII and ADEA claims are not barred by collateral estoppel.**

The only remaining claims are Ms. Marquez's federal claims that arise under Title VII and the ADEA. APS argues that the NMHRC decision bars Ms. Marquez's federal claims under the doctrine of collateral estoppel. Ms. Marquez does not directly respond to this argument. Rather, Ms. Marquez observes that state and federal courts have concurrent jurisdiction over

Title VII and ADEA claims and that this matter is timely because it was filed within ninety days of the EEOC's order.

As to most types of claims, the Tenth Circuit has held that application of "the principles of collateral estoppel, or issue preclusion, to decisions of state administrative bodies serves to promote federalism, conserve judicial resources, and encourage parties to minimize the expense and burden of repetitive litigation." *Salguero v. City of Clovis*, 366 F.3d at 1173 (citing *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 798 (1986)). The Supreme Court held that a state agency's decision will have the same preclusive effect that it would receive from the state court if the state agency: (1) acts in a judicial capacity; (2) resolves disputed issues of fact properly before it; and (3) the parties have had an adequate opportunity to litigate the issue. *Elliott*, 478 U.S. at 799; *Salguero,* 366 F.3d at 1173. If the *Elliot* factors are satisfied, then the court looks to New Mexico law to determine whether preclusion is proper. *See Salguero*, 366 F.3d at 1173.

Under New Mexico law, "collateral estoppel, also called issue preclusion, prevents a party from re-litigating 'ultimate facts or issues actually and necessarily decided in a prior suit.' " *Deflon v. Sawyers*, 137 P.3d 577, 579 (2006). For collateral estoppel to apply, four elements must be met: "(1) the parties in the current action were the same or in privity with the parties in the prior action, (2) the subject matter of the two actions is different, (3) the ultimate fact or issue was actually litigated, and (4) the issue was necessarily determined." *Ullrich v. Blanchard,* 171 P.3d 774, 778 (N.M. Ct. App. 2007).

In New Mexico, if the party invoking the doctrine provides sufficient evidence to meet all elements of this test, it establishes a prima facie case. *See Shovelin v. Central N.M. Electric Cooperative, Inc.*, 850 P.2d 996, 1000 (1993). If a prima facie case is established, the "burden shifts to the party opposing collateral estoppel to show that he or she was not afforded a full and fair opportunity to litigate the issue in the prior proceeding." *Padilla v. Intel Corp.*, 964 P.2d 862,

865 (1998). Administrative adjudicative determinations may be given preclusive effect if rendered under conditions in which the parties have the opportunity to fully and fairly litigate the issue at the administrative hearing." *Shovelin,* 850 P.2d at 1001.

Notably, the Supreme Court has held that collateral estoppel does not apply to discrimination claims under Title VII and the ADEA. *See Elliott*, 478 U.S. at 795-97 (Title VII); *Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104, 113 (1991) (ADEA). Rather, discrimination claims under Title VII and the ADEA present "exceptions to the application of the collateral estoppel doctrine to administrative findings later raised in federal court." *Boroff v. Mail-Well Envelope Co.*, 931 F.2d 62, 1991 WL 65189, at *4 n. 1 (10th Cir. 1991) (unpublished decision). With respect to Title VII, the Supreme Court has held that decisions of state or local administrative bodies acting in a judicial capacity are not, by themselves, entitled to preclusive effect as to Title VII claims. *See Elliott,* 478 U.S. at 795-97 (reasoning that Congress intended to foreclose preclusive effect because § 2000e-5 instructs the EEOC to give only "substantial weight" to unreviewed state-agency decisions). Interpreting the ADEA, the Supreme Court has held that unreviewed state agency decisions have no preclusive effect on ADEA claims brought subsequently in federal court because the ADEA requires de novo review. *Solimino*, 501 U.S. at 113. Because Title VII and the ADEA provide for federal court review of state administrative proceedings, the Supreme Court has concluded that applying collateral estoppel to the results of such administrative proceedings "would make little sense." *Elliott*, 478 U.S. at 795; *accord Solimino*, 501 U.S. at 111-12.

As a result, unreviewed administrative determinations by state agencies charged with investigating state-law employment discrimination claims do not preclude review in federal court "even if such a decision were to be afforded preclusive effect in a State's own courts." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 470 n. 7 (1982). The Tenth Circuit follows the

8

*Elliott/Solimino* rule. *See Brockman v. Wyo. Dep't of Family Servs.,* 342 F.3d 1159, 1166 (10th Cir. 2003); *Bolling v. City & Cnty. of Denver,* 790 F.2d 67, 68-69 (10th Cir. 1986) (per curiam); *Stone v. Dep't of Aviation*, 290 Fed. App'x 117, 123 (10th Cir. 2008) (unpublished).

APS contends the *Elliott/Solimino* rule is inapplicable because: (1) Ms. Marquez waived her right to review in state court; and (2) Ms. Marquez did not seek judicial review in a federal forum, *i.e.*, she filed suit in state court and APS removed the matter to this Court. APS cites no authority for these contentions and acknowledges that "federal courts cannot deprive plaintiffs of the right to pursue their Title VII and ADEA claims in a federal forum." (Doc. 2 at 9).

The first argument is unpersuasive. By its plain terms, the *Elliott/Solimino* rule applies to unreviewed state agency decisions. *See Solimino*, 501 U.S. at 106 (noting that the plaintiff waived his right to review in state court). As to the second argument, APS presents no cogent reason to distinguish removed cases from cases filed in federal court. Indeed, the *Elliott/Solimino* rule has been applied in removed cases. *See Two Rivers Psychiatric Hosp. v. Blue Cross and Blue Shield of Mich.,* 991 F. Supp. 1109, 1112 (E.D. Mo. 1998); *Franceschelli v. Verizon Pa., Inc.*, 2011 WL1321566 (M.D. Pa. 2011); *M & D Cycles, Inc. v. Am. Honda Motor Co., Inc.*, 208 F. Supp. 115 118-19 (D. N.H. 2002). Moreover, the rationale underlying the rule is based on the statutory language of Title VII and the ADEA as interpreted by the Supreme Court and not on whether the matter was initially filed in state or federal court. *See Elliott*, 478 U.S. at 795-97; *Solimino,* 501 U.S. at 113. For these reasons, the *Elliott/Solimino* rule applies to removed claims arising under Title VII and the ADEA.

Binding precedent holds that review for collateral estoppel purposes in a Title VII or ADA case is confined to the judgments of the state courts, and not the underlying agency decision. *Elliott,* 478 U.S. at 795-97; *Solimino,* 501 U.S. at 113. In this case, Ms. Marquez did not seek state court review of the NMHRC's decision within the ninety-day time period specified

by N.M. STAT. ANN. § 28-1-13. Ms. Marquez did not obtain a state judgment concerning the NMHRC's decision. Because federal judicial review is confined to the judgments of the state courts, and not the underlying agency decision, the collateral estoppel doctrine does not preclude Ms. Marquez's Title VII and ADEA claims.

## V.      Conclusion

Ms. Marquez failed to exhaust administrative remedies with respect to the NMHRA claim and, as a result, the NMHRA claim is time-barred and will be dismissed with prejudice. The Court declines to award fees and costs associated with the briefing of this issue. Collateral estoppel does not preclude the claims arising under Title VII and the ADEA.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Summary Judgment, (Doc. 2), is **GRANTED** as to Plaintiff's NMHRA claim and otherwise **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**